IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED: MAY 5, 2009
09CV2750
JUDGE ANDERSEN
MAGISTRATE JUDGE KEYS
AO

| | |
|---|---|
| EXECUTIVE RISK INDEMNITY INC., <br><br>  Plaintiff, <br><br> v. <br><br> SPELTZ & WEIS, LLC, a.k.a. WELLSPRING MANAGEMENT SERVICES LLC, WELLSPRING MANAGEMENT SERVICES LLC, DAVID E. SPELTZ, TIMOTHY C. WEIS, HURON CONSULTING GROUP INC., HURON CONSULTING SERVICES LLC f.k.a. HURON CONSULTING GROUP LLC, and GRAY & ASSOCIATES, LLC, in its capacity as Trustee on behalf of the SVCMC LITIGATION TRUST, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Civil Action No. _____ |

## COMPLAINT FOR INTERPLEADER

Plaintiff Executive Risk Indemnity Inc. ("Executive Risk"), by its undersigned counsel, hereby files this Complaint for Interpleader against Defendants, and for its claim for relief alleges as follows.

### Nature of the Action

1. This is an action for interpleader brought pursuant to 28 U.S.C. § 1335 and Fed. R. Civ. P. 22. As described more fully below, Executive Risk issued Miscellaneous Professional Liability Policy No. 6800-6777 (the "Executive Risk Policy") to Speltz & Weis, LLC for the policy period of April 6, 2005 to April 6, 2006, and subsequently extended the reporting period to April 6, 2008. By endorsement, Huron Consulting Group was included as an additional

insured, effective May 10, 2005. Speltz & Weis, LLC, its principals (David E. Speltz and Timothy C. Weis) and Huron Consulting Group have all sought coverage under the Executive Risk Policy in connection with a lawsuit against them.

2. Executive Risk reasonably believes that demands for payment from the Executive Risk Policy will likely exceed the $2 million maximum aggregate limit of liability of the Executive Risk Policy. In the face of conflicting and competing demands for payment of defense costs incurred by multiple law firms, a potential future judgment against one or more of the **Insureds**,[1] and/or potential settlement, Executive Risk brings this interpleader action for the Court to determine how to allocate the Executive Risk Policy proceeds among these demands.

## Jurisdiction and Venue

3. This Court has jurisdiction of this case under 28 U.S.C. § 1335 because there are two or more adverse claimants of diverse citizenship who demand or may demand the right to payment of money of the value of $500.00 or more, which is in the custody or possession of the plaintiff, Executive Risk.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1397, as one or more of the defendants (claimants) is located in this judicial district.

## The Parties

5. Plaintiff Executive Risk Indemnity Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business in the State of New Jersey.

6. Defendant Speltz & Weis, LLC was originally formed as a New Hampshire limited liability company with its principal place of business in Portsmouth, New Hampshire. Prior to May 2005, Defendants David E. Speltz and Timothy C. Weis directly or indirectly held the ownership interests of Speltz & Weis, LLC. In May 2005, Huron Consulting Group Inc.

---

[1] Terms in bold are defined in the Executive Risk Policy.

acquired Speltz & Weis, LLC. In connection with that transaction, Speltz & Weis, LLC was merged into SC Holding, LLC, a Delaware limited liability company, and the name of SC Holding, LLC was changed to Speltz & Weis LLC. Subsequently, Huron Consulting Group Inc. changed the name of Speltz & Weis LLC to Wellspring Management Services LLC, a Delaware limited liability company. From the time of the May 2005 acquisition through the subsequent transactions, Huron Consulting Group Inc. was the managing member and/or parent of SC Holding, LLC and Speltz & Weis LLC.

7. Defendant Wellspring Management Services LLC is a Delaware limited liability company with its principal place of business in Chicago, Illinois.

8. Defendant David E. Speltz is a resident of Portsmouth, New Hampshire. Defendant Speltz was an owner of interests in Speltz & Weis, LLC and, after May 2005, an employee of Defendant Huron Consulting Group LLC n.k.a. Huron Consulting Services LLC.

9. Defendant Timothy C. Weis is a resident of Reno, Nevada. Defendant Weis was an owner of interests in Defendant Speltz & Weis, LLC and, after May 2005, an employee of Defendant Huron Consulting Group LLC n.k.a. Huron Consulting Services LLC.

10. Defendant Huron Consulting Services LLC f.k.a. Huron Consulting Group LLC is incorporated in Delaware with its principal place of business in Chicago, Illinois.

11. Defendant Huron Consulting Group Inc. is the managing member and/or parent of Defendant Huron Consulting Services LLC and Defendant Wellspring Management Services LLC f.k.a. Speltz & Weis LLC f.k.a. SC Holding, LLC.

12. This Complaint shall refer to the Defendants identified in paragraphs 6-11 above as the "SW/Huron Defendants."

13. Executive Risk names Defendant Gray & Associates, LLC ("Gray") in its capacity as Trustee of the SVCMC Litigation Trust (the "Litigation Trust"). Gray is incorporated in Maryland with its principal place of business in Baltimore, Maryland. The Litigation Trust was established in the bankruptcy case *In re Saint Vincent Catholic Medical Centers of New York, et al.*, Case No. 05B14945 (ASH) (Bankr. S.D.N.Y.). In its capacity as Trustee of the Litigation Trust, Gray sued all of the SW/Huron Defendants in an action styled *Gray & Associates, LLC, in its capacity as Trustee, on behalf of the SVCMC Litigation Trust v. Speltz & Weis LLC a.k.a. Wellspring Management Services LLC, Wellspring Management Services LLC, David E. Speltz, Timothy C. Weis, Huron Consulting Group Inc. and Huron Consulting Services LLC f.k.a. Huron Consulting Group, LLC*, Index No. 150446/07 (Supreme Court of New York, New York County) (the "Litigation Trust Action").

14. All of the Defendants have made, or may potentially make, demands for proceeds of the Executive Risk Policy.

## FACTS

15. Executive Risk issued the Executive Risk Policy for the original **Policy Period** of April 6, 2005 to April 6, 2006, and subsequently extended the reporting period to April 6, 2008. Exhibit 1 to this Complaint is a true and correct copy of the Executive Risk Policy, except that it omits the application for the insurance. This Exhibit is incorporated as if fully stated herein.

16. The Executive Risk Policy provides a $2 million maximum aggregate limit of liability. This limit of liability includes any payments made for costs of defense. Subject to its terms, conditions, exclusions and limitations, the Executive Risk Policy provides miscellaneous professional liability coverage for **Claims** made against Speltz & Weis, LLC, its directors, officers, employees or partners thereof while acting within the scope of their duties as such

(collectively defined as the "**Insured**"). In addition, the Executive Risk Policy provides miscellaneous professional liability coverage for **Claims** made against the Additional Insured Huron Consulting Group but only with respect to liability arising solely from the negligence of the **Insured** as defined in the Executive Risk Policy.

17. In the Litigation Trust Action, Gray & Associates, LLC alleges that the SW/Huron Defendants committed various acts of misconduct in connection with the management, financial and restructuring services for Saint Vincent Catholic Medical Centers of New York ("Saint Vincent") before and after Saint Vincent's Chapter 11 Bankruptcy filing on July 5, 2005. The Litigation Trust Action seeks over $200 million in damages from the SW/Huron Defendants. Exhibit 2 to this Complaint is a true and correct copy of the First Amended Complaint filed in the Litigation Trust Action.

18. Executive Risk's **Insureds** and Additional Insured Huron Consulting Group have sought coverage from Executive Risk. They have, however, been unable to agree on how Executive Risk's payments should be allocated among them. As a result Executive Risk faces the prospect of inconsistent demands that exceed its $2 million maximum aggregate limit of liability.

## COUNT I – INTERPLEADER

19. Executive Risk repeats and realleges the allegations of paragraphs 1 through 18 of this Complaint for Interpleader as if fully set forth herein.

20. Executive Risk has issued professional liability insurance having a policy limit of $500 or more.

21. Executive Risk is prepared and has requested this Court for leave to deposit the $2 million maximum aggregate limit of liability of the Executive Risk Policy into the registry account of the Court.

22. There are two or more adverse claimants, of diverse citizenship, who either are demanding, or may demand the insurance proceeds.

23. Executive Risk has a legitimate fear that demands for payment from the Executive Risk Policy will significantly exceed the $2 million maximum aggregate limit of liability. Thus, any attempt by Executive Risk to make payment in response to one demand from one Defendant may lead to vexatious and multiple litigation actions from others who also seek to obtain payment from the Executive Risk Policy. As such, Executive Risk faces the risk that Defendants may obtain inconsistent decisions exposing Executive Risk to multiple liabilities in excess of the Policy proceeds.

24. Executive Risk stands neutral as to the respective parties who may claim to be entitled to payment under Executive Risk's Policy, and seeks discharge from all obligations under or relating to the Executive Risk Policy.

WHEREFORE, Executive Risk respectfully requests that the Court:

a. allow Executive Risk to deposit into the registry of the Court the sum of $2 million, being the limits of the Executive Risk Policy;

b. enter judgment discharging Executive Risk and any and all of its current and former agents, representatives or related companies (including, but not limited to, its subsidiaries and parent companies), from all further liability relating in any way to the Executive Risk Policy or any demands that may be made in connection with the Executive Risk Policy;

c. enter a preliminary and permanent injunction barring and enjoining Defendants from:

      i. asserting any claims, rights, causes of action, or demands of whatever nature, whether known or unknown, foreseen or unforeseen, under the Executive Risk Policy against Executive Risk and each of its parents, subsidiaries, affiliates, insurers, reinsurers, directors, officers, employees, agents, representatives, attorneys, and their respective heirs, executors, administrators, successors and assigns; or

      ii. instituting, commencing, prosecuting any arbitration proceeding, or any legal proceeding in any state or federal court, against Executive Risk and any of its parents, subsidiaries, affiliates, insurers, reinsurers, directors, officers, employees, agents, representatives, attorneys, heirs, executors, administrators, successors and assigns, with respect to or for any claims, causes of action, rights, attorneys' fees, costs, expenses, judgments, settlements, liabilities and damages, of whatever nature, whether known or unknown, foreseen or unforeseen, that have been, could have been, or could be asserted in any form, either directly or indirectly, based upon, arising out of, relating to, concerning, resulting from or in consequence of, or in connection with:

    (1) the Executive Risk Policy;

    (2) any past, present or future actual or putative notice of **Claim** or notice of circumstances which could give rise to any **Claim** under the Executive Risk Policy;

    (3) any actual or putative **Loss** under the Executive Risk Policy, including, but not limited to defense costs, indemnity or any other payments, services or benefits under the Executive Risk Policy or which otherwise relates to the Executive Risk Policy;

(4) any alleged right to recover any payments of any defense fees, costs, charges, or expenses made by the Defendants or any future claimants under the Executive Risk Policy; or

(5) any and all duties, liabilities and obligations under the Executive Risk Policy;

    d.  interplead the defendants and adjudge and determine to whom the $2 million in Policy proceeds should be disbursed and in what amounts;

    e.  award Executive Risk its attorneys' fees and costs;

    f.  grant any and all further relief that this Court may deem equitable and just.

Respectfully submitted,

Dated: May 5, 2009

TROUTMAN SANDERS LLP

By:     /s/ Scott E. Turner

Of Counsel:

Merril Hirsh
merril.hirsh@troutmansanders.com
(*pro hac vice* application to be filed)
TROUTMAN SANDERS LLP
401 – 9th St., N.W., Suite 1000
Washington, D.C. 20004-2134
(202) 274-2950 (phone)
(202) 654-5806 (facsimile)

Scott E. Turner
scott.turner@troutmansanders.com
TROUTMAN SANDERS LLP
55 W. Monroe Street, Suite 3000
Chicago, Illinois 60603-5758
(312) 759-1926 (phone)
(773) 877-3734 (facsimile)

*Counsel for Plaintiff Executive Risk Indemnity Inc.*

1011408v2