IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EXECUTIVE RISK INDEMNITY INC., | ) |
| Plaintiff, | ) |
| v. | ) No. 09 C 2750 |
| SPELTZ & WEIS, LLC a.k.a. WELLSPRING MANAGEMENT SERVICES LLC., et al., | ) Wayne R. Andersen ) District Judge |
| Defendants. | ) |

**MEMORANDUM, OPINION AND ORDER**

This case is before the Court on the motion of Defendants Huron Consulting Group, Inc., Huron Consulting Services LLC, and Wellspring Management Services LLC (the "Huron Defendants") to dismiss the Complaint for Interpleader and the motion of Plaintiff Executive Risk Indemnity, Inc. for summary judgment. For the following reasons, the Huron Defendants' motion to dismiss [20] is denied, and Executive Risk's motion for summary judgment [47] is granted.

The Interpleader Act affords district courts original jurisdiction of actions in interpleader filed by any person having in custody a policy of insurance worth $500 or more when two or more adverse claimants, of diverse citizenship, are claiming to be entitled to such money or property. 28 U.S.C. § 1335. A final requirement is that the money or property has been deposited into the registry of the court. *Id.*

In this case, Executive Risk has deposited the $ 2 million policy with the Court's registry, an act which was not opposed by the Huron Defendants. Moreover, the requirements of the Interpleader Act are met because the amount at stake is more than $500, the parties have diverse

citizenship, and the Huron Defendants, on the one hand, and two individuals (David Speltz and Timothy Weis), on the other hand, are competing claimants for the $ 2 million policy.

The Huron Defendants have moved to dismiss this interpleader action because Executive Risk has not added as defendants two other insurers—Liberty Surplus Insurance Corporation and National Union Fire Insurance Company of Pittsburgh. The Huron Defendants contend that Fed.R.Civ.P. 19 requires that Executive Risk name these other insurers as parties even though: 1) these insurers are not insureds under Executive Risk's policy; and 2) these insurers neither claim, nor have a right to receive, any of Executive Risk's policy proceeds.

We deny the Huron Defendants' motion to dismiss the interpleader action. Rule 19 does not require that non-claimants be added to an interpleader action. The Huron Defendants seek to add an additional requirement that simply is not present in the Interpleader Act—that additional parties be added even though they are not insureds under the policy and have claimed no right to any proceeds from that policy. We find that the requirements of the Interpleader Act have been met in this case and that Rule 19 does not require the addition of Liberty Surplus Insurance or National Union Fire Insurance to this action. Therefore, we deny the Huron Defendants' motion to dismiss.

Next, Plaintiff Executive Risk has moved for summary judgment pursuant to Fed.R.Civ.P. 56. Executive Risk seeks to resolve the first stage of this interpleader action. Executive Risk has deposited the $ 2 million policy limits of its insurance with the clerk of the court and seeks to be discharged from this action and to obtain the injunctive protection that the Interpleader Act contemplates. We agree with Executive Risk that it is entitled to summary judgment in its favor and injunctive relief.

Fed.R.Civ.P. 56 provides that "summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247 (1986).

In this case, Executive Risk seeks to use summary judgment to resolve the first phase of this interpleader action. An interpleader action generally involves two stages. First, the court determines that interpleader is warranted, and then the claimants proceed to a second stage in which the merits of their claims are resolved. *Aaron v. Mahl,* 550 F.3d 659, 663 (7th Cir. 2008). Upon giving up the fruit of the dispute, the stakeholder is to be relieved and the court then "directs that the persons between whom the dispute really exists shall fight it out at their own expense." *Equitable Life Assurance Soc'y v. Jones,* 679 F.2d 358 n.2 (4th Cir. 1982). Thus, a "successful interpleader suit results in the entry of a discharge judgment on behalf of the stakeholder; once the stakeholder turns the asset over to the registry of the court, all legal obligations to the asset's claimants are satisfied." *In re Mandalay Shores Co-Op Housing Ass'n, Inc.,* 21 F.3d 380, 383 (11th Cir. 1994).

Summary judgment is an appropriate way to resolve the "first stage" of an interpleader action and to discharge the stakeholder. *Aaron,* 550 F.3d at 667. To obtain this discharge, a stakeholder must first comply with the simple jurisdictional terms set forth in the Interpleader Act. As mentioned above, those requirements are: 1) an amount in controversy of $500 or more; 2) diversity exists between any two contending claimants; and 3) the stakeholder has deposited the money at issue into the court. 28 U.S.C. § 1335.

In this case, the interpleader action meets all of these requirements. First, the amount in controversy is $ 2 million. Second, it is undisputed that diversity exists between the competing claimants. See Speltz/Weis Answer ¶¶ 8, 9; Trustee Answer ¶ 13; Summary Judgment, Ex. 3, 4. Finally, it is undisputed that Executive Risk has deposited its $2 million policy limit with the Court.

Once a case meets these jurisdictional requirements, the primary test for determining whether the stakeholder is entitled to equitable relief is analyzing whether the stakeholder legitimately fears multiple litigation over a single fund. *Reliastar Life Ins. Co. v. LeMone,* No. 7:05cv00545, 2006 U.S. Dist. LEXIS 11692, at * 8 (W.D. Va. Mar. 16, 2006). To justify the equitable remedy of interpleader, a stake holder must have a "real and reasonable fear of double liability or conflicting claims." *Aaron*, 550 F.3d at 663.

In this case, we find that Executive Risk is entitled to the equitable remedy available in an interpleader action. Executive Risk faces not merely the "real and reasonable fear," but the reality, of being placed in the middle of irreconcilable demands from parties embroiled in other litigation. The defendants agree that demands for payment from Executive Risk's policy based upon defense costs alone in other litigation may eventually exceed the $2 million policy limit. The Huron Defendants on the one hand, and Speltz and Weis on the other hand, are already taking conflicting positions over how the Court should approach dividing up the proceeds.

Accordingly, we find that the Interpleader Act entitles Executive Risk to interplead its policy limit and to obtain both "a discharge . . .from further liability" with prejudice and a permanent injunction restraining claimants "from instituting or prosecuting any proceeding in

4

any State or United States court affecting" the policy whose proceeds Executive Risk has deposited. See 28 U.S.C. § 2361.

For all of the reasons stated in Court's Memorandum, Opinion and Order, the Huron Defendants' motion to dismiss this interpleader action [20] is denied, and Plaintiff Executive Risk's motion for summary judgment [47] is granted. Judgment is hereby entered in favor of Plaintiff Executive Risk. Executive Risk is further granted an injunction which prevents claimants from instituting or prosecuting any proceeding in any State or United States court affecting Executive Risk Miscellaneous Professional Liability Policy No. 6800-6777 or its proceeds. This case is set for status on October 29, 2009 at 9:00 a.m.

It is so ordered.

_____
Wayne R. Andersen
United States District Court

Dated: October 16, 2009_____

5